UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>KRISTAL RIOS ESQUIVEL,<br><br>Defendant. | No. 25-mj-162-ZMF |

## ORDER TO SHOW CAUSE

On August 20, 2025, federal law enforcement arrested Ms. Kristal Rios-Esquivel based on their own probable cause determination. On August 22, 2025, Ms. Kristal Rios-Esquivel was formally charged by criminal complaint.

Rule 5 of the Federal Rules of Criminal Procedure mandates that the government bring a defendant without *unnecessary delay* before a Magistrate Judge. Given Rule 5, the two-day lead time on filing the complaint, and basic fairness, Ms. Rios-Esquivel should have been presented to a Magistrate Judge on August 22, 2025. However, federal authorities did not bring Ms. Rios-Esquivel to court until August 25, 2025.

This is inexcusable. But it only gets worse from there.

At the August 25 hearing, the government did not seek detention of Ms. Rios-Esquivel. Instead, it asked for her release on minimal conditions of supervision.[1] The undersigned then ordered her released forthwith. Defense counsel asked the Court for the release to occur

---

[1] It is baffling why Ms. Rios-Esquivel was then detained in the first place.

1

immediately from the cell block for fear of delays. But the undersigned naively believed that its judicial order compelled the appropriate outcome. That was not the case.

On August 26, 2025, counsel for Ms. Esquivel-Rios filed an emergency motion. That motion indicates that Ms. Rios-Esquivel has not been released and is being illegally detained by the D.C. Department of Corrections. The Department of Corrections informed defense counsel that it could not comply with this Court's order because there was a "hit" on Ms. Esquivel-Rios in the warrant system. However, that warrant was the very warrant for which she appeared on August 25 before the undersigned. The warrant for which the government did not seek her detention and for which the undersigned ordered her release.

"In our society, liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). *Salerno* dictates the limited nature of detention of those charged with a crime. The instant facts are egregious. Unlike in *Salerno*, the government did not even ask for detention here. Ms. Rios-Esquivel's "continued detention is constitutionally infirm and anathema to a free society and fundamental fairness. The release of individuals must be met with commensurate, if not greater urgency than that which goes into arresting individuals in the middle of the night." *United States v. Williams*, No. 25-mj-33, 2025 WL 1063256, at *1 (D.D.C. April 9, 2025).

It has now been over nineteen hours since this Court ordered Ms. Rios-Esquivel's release. The Department of Corrections has chosen not to comply with this Court's Order. This is not a choice the Department of Corrections is empowered to make. The Department of Corrections has two—and only two—options when they receive a release order: comply or object: That is, "[i]f a party believes that a court order suffers from legal deficiencies, it therefore 'must have the [order] modified or vacated; [it] cannot simply ignore it.'" *J.G.G. v. Trump*, 778 F. Supp. 3d 24, 39

(D.D.C. 2025), *mandamus granted, order vacated*, No. 25-5124, 2025 WL 2264614 (D.C. Cir. Aug. 8, 2025) (quoting *Evans v. Williams*, 206 F.3d 1292, 1299 (D.C. Cir. 2000)). Failure to comply with court orders may result in sanctions, including daily fines. *See, e.g., Green v. D.C.*, 134 F.R.D. 1, 4 (D.D.C. 1991).

The Court will not tolerate further delay, especially given there is no adequate remedy for false imprisonment. No later than 1:00 pm today, either the Department of Corrections should coordinate with the Department of Justice to withdraw that hold and release Ms. Rios-Esquivel, or else appear at 1:15 pm in-person in Courtroom 4 to explain why Ms. Rios-Esquivel has not been released.

What is especially troubling is that this is not even the first time in the past four months that the Court has encountered this same problem of false imprisonment. And still "the greater question of why it takes moving heaven and earth to ensure a person who is ordered to be released is actually released—in a timely manner—remains unanswered." *United States v. Williams*, No. 25-mj-33, 2025 WL 1085857, at *1 (D.D.C. April 11, 2025).

Date: August 26, 2025

_____
ZIA M. FARUQUI
UNITED STATES MAGISTRATE JUDGE